TIBBS' HEIRS
*vs*
CLARKSON.

---

EJECTMENT.

Case 14.

September 18.

The case stated.

## Tibbs' heirs *vs* Clarkson.

### ERROR TO THE BOONE CIRCUIT.

#### *Abatement. Bonds for costs.*

JUDGE EWING delivered the Opinion of the Court.

THIS is an action of ejectment instituted by Tibbs' heirs against Clarkson. After Clarkson was admitted to defend in the place of the casual ejector, upon the common terms of an agreement to confess lease, entry and ouster, and plead the general issue and rely upon his title only, he exhibited and filed a plea in abatement alledging that the lessors of the plaintiff were non-residents and had not given security for costs. This plea was resisted and bond with security for costs offered.

Lessors of plain-
tiff, in eject-
ment, may be re-
quired to give
bond with secu-
rity for costs.

We have no doubt that in ejectment the lessors of the plaintiff, who are non-residents, as well as plaintiffs in other forms of action, may be required to execute bond with security for costs.

After the defen-
dant has appear-
ed and pleaded
to the merits, or
appears and asks
leave to be, and
is admitted to de-
fend upon the
common terms
of defending up-
on the merits, he
should not be al-
lowed to plead
the lack of bond
for costs, and
thereby violate

But this is a dilatory plea, and in other actions, cannot be pleaded after a plea to the merits has been put in; and for like reason should not be allowed after the defendant has appeared and been admitted to defend, upon the common terms of defending upon the merits.

Had he desired to plead in abatement, he should have asked leave of the Court to appear specially, or to have him admitted a defendant upon the usual confession of lease, entry and ouster, with the reservation of his right to plead in abatement, the matter presented in his plea.

To allow him to plead this matter, after he has been admitted a defendant upon the express terms of relying upon his title only, is to allow him to contradict his own agreement, previously entered on the record.

We do not feel disposed to extend the privilege of pleading such matter in abatement, further than it has already been carried, especially as the defendant at any time, upon motion, might have availed himself of it.

It is unnecessary now to decide whether in an action of ejectment, the Court ought ever to permit a party to defend and plead in abatement if the lessors offer, at the time, to execute bond with sufficient security for the costs.

Judgment reversed and cause remanded, that the plea may be stricken from the record, and further proceedings had, and the lessors of the plaintiff in error are entitled to their costs in this Court.

*Owsley, Cates & Lindsey* for plaintiffs; *Robinson & Johnson* for defendant.

his agreement to rely on title only.

If a party in ejectment should desire to plead in abatement, he should confess the lease, entry and ouster, with the reservation of such right, & that he should be permitted even, to do that, is not decided.